# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:11cr27 |
| | § | (Judge Folsom) |
| DAVID WAYNE HALL | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on March 3, 2011, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Maureen Smith.

On December 27, 2007, Defendant was sentenced by the Honorable Thomas J. Whelan to thirty-three (33) months' custody followed by three (3) years of supervised release for the offense of Aiding and Abetting the Transportation of an Illegal Alien. On December 3, 2009, Defendant completed his period of imprisonment and began service of his supervised term.

On January 27, 2011, the U.S. Probation Officer for the Southern District of California executed a Petition for Warrant for Offender Under Supervision. The petition asserted that Defendant violated the following mandatory condition: refrain from any unlawful use of a controlled substance. Submit one drug test within fifteen days of release from imprisonment and at least two periodic tests thereafter. Testing requirements will not exceed submission of more than eight (8) drug tests per month during the term of supervision, unless otherwise ordered by the court. On February 22, 2011, this case was transferred to this Court and assigned to the Honorable David Folsom.

Prior to the Government putting on its case, Defendant entered a plea of true to the mandatory allegation. The Court recommends that Defendant's supervised release be revoked. The Court further finds that this is a B violation, but finds that there is cause to downward depart.

## **RECOMMENDATION**

The Court recommends that the District Judge revoke Defendant's supervised release. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of fourteen (14) months with no supervised release to follow. It is also recommended that Defendant be housed in the Fort Worth unit.

After the Court announced the recommended sentence, Defendant executed the consent to revocation of supervised release and waiver of right to be present and speak at sentencing. Defendant and the Government also waived their right to file objections.

**SIGNED this 8th day of March, 2011.**


AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE